**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2762
_____

GREGORY HARTMANN; JOHN HAYS; DEWAYNE
BAILEY; BRYANT ISHAQ; HOWARD CHAPMAN;
CHRISTO BELONY; ROBERT EDWARDS, on behalf of
themselves and all others similarly situated,
Appellants

v.

HON. BRIAN E. CHUDZIK; HON. EDWIN TOBIN; HON.
MILES BIXLER; HON. ANDREW LEFEVER, in their
official capacities as Magisterial District Judges;
LANCASTER COUNTY; WARDEN OF THE
LANCASTER COUNTY PRISON
_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 5:22-cv-01588)
District Judge: John M. Gallagher
_____

Argued June 30, 2026
_____

Before: SHWARTZ, PHIPPS, and RENDELL, <u>Circuit Judges</u>.

(Filed: July 31, 2026)

_____

David Costigan
Steven Oberlander
Stuart T. Steinberg
Dechert
2929 Arch Street
Cira Center
Philadelphia, PA 19102

Sara J. Rose [ARGUED]
Ariel Shappell
Richard T. Ting
Solomon F. Worlds
American Civil Liberties Union of Pennsylvania
P.O. Box 60173
Philadelphia, PA 19104

Counsel for Appellants

Michael Daley
Megan L. Mallek [ARGUED]
Supreme Court of Pennsylvania, Administrative Office of
Pennsylvania Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102

David J. MacMain
Stephen G. Rhoads [ARGUED]

MacMain Leinhauser
433 W Market Street, Suite 200
West Chester, PA 19382

Counsel for Appellees

Adeel Bashir
Office of Federal Public Defender
250 N 7th Avenue, Suite 600
Phoenix, AZ 85007

Daniella Gordon
McCarter & English
1600 Market Street, Suite 2900
Philadelphia, PA 19103

Counsel for National Ass'n of Criminal Defense
Lawyers Amicus

Kiley M. Vebanac
Office of Attorney General of Pennsylvania, Appellate
Litigation Section
1251 Waterfront Place
Pittsburgh, PA 15222

Counsel for Commonwealth of Pennsylvania Amicus

Matthew P. Cavedon
Cato Institute
1000 Massachusetts Avenue NW
Washington, DC 20001

Patrick Maley

K&L Gates
One Newark Center, 10th Floor
Newark, NJ 07102

Nicholas P. Vari
K&L Gates
210 Sixth Avenue
Pittsburgh, PA 15222

Counsel for Cato Institute Amicus

James P. Davy
All Rise Trial & Appellate
P.O. Box 15216
Philadelphia, PA 19125

Counsel for Public Defender Ass'n of Pennsylvania
Amicus

Gabriel K. Gillett
Jenner & Block
353 N Clark Street, Suite 4500
Chicago, IL 60654

Counsel for Barry Friedman, Kellen Funk, John
Giammetteo, Helen Hershkoff, David Marcus, Judith
Resnik, Joanna Schwartz, and Fred O. Smith Amici

_____

OPINION

_____

SHWARTZ, Circuit Judge.

Plaintiffs were arrested in Lancaster County, Pennsylvania, and detained in the Lancaster County Prison ("LCP") pending trial.  They sued Magisterial District Judges Brian Chudzik, Edwin Tobin, Milex Bixler, and Andrew Lefever in their official capacities (the "MDJs"), Lancaster County, and the LCP Warden for violations of their Equal Protection, Due Process, and Sixth Amendment rights, claiming that the MDJs set their bail without considering their ability to pay and without counsel present.  The District Court (1) abstained from reviewing their Equal Protection and Due Process claims under Younger v. Harris, 401 U.S. 37 (1971), and (2) dismissed their Sixth Amendment claim.  For the following reasons, we will vacate and remand the District Court's order abstaining under Younger and affirm its order dismissing the Sixth Amendment claim.

I[1]

A

Pennsylvania Rule of Criminal Procedure 540 entitles arrestees to "preliminary arraignments."  At those proceedings, the MDJ must read the charges to the defendant but may not ask questions about them.  Pa. R. Crim. P. 540(F).  In addition, the MDJ must inform the defendant of his right to counsel but

---

[1] Because we are reviewing an order entered under Fed. R. Civ. P. 12(b)(6), the factual background is drawn from the well-pleaded allegations in the First Amended Complaint, which are accepted as true.  Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

does not appoint counsel for the preliminary arraignment itself. Id. at 540(F)(1). Finally, the MDJ must determine whether the defendant will be released pending trial, and what, if any, bail conditions to impose.[2] Id. at 540(F)(3).

In setting bail, Pennsylvania Rule of Criminal Procedure 523 requires the MDJ to "consider all available information as that information is relevant to the defendant's appearance or nonappearance at subsequent proceedings, or compliance or noncompliance with the conditions of the bail bond, including information about:"

> (1) the nature of the offense charged and any mitigating or aggravating factors that may bear upon the likelihood of conviction and possible penalty;
> (2) the defendant's employment status and history, and financial condition;
> (3) the nature of the defendant's family relationships;
> (4) the length and nature of the defendant's residence in the community, and any past residences;
> (5) the defendant's age, character, reputation, mental condition, and

---

[2] Preliminary arraignments are typically held via video, are not officially recorded or transcribed, and last only a few minutes.

whether addicted to alcohol or drugs;

(6) if the defendant has previously been released on bail, whether he or she appeared as required and complied with the conditions of the bail bond;

(7) whether the defendant has any record of flight to avoid arrest or prosecution, or of escape or attempted escape;

(8) the defendant's prior criminal record;

(9) any use of false identification; and

(10) any other factors relevant to whether the defendant will appear as required and comply with the conditions of the bail bond.

Pa. R. Crim. P. 523(A). Lancaster County MDJs typically apply either a "10%" bail condition that requires the defendant to pay at least ten percent of the total bail amount, or a "straight" bail condition that requires the defendant to pay the entire bail amount.

Defendants who cannot post bail remain incarcerated but can challenge the initial bail determination at any time, including during their preliminary hearing, which must be scheduled within fourteen days of the preliminary arraignment. Pa. R. Crim. P. 529(a)-(c), 540(G)(1). Preliminary hearings, however, are often postponed, so defendants who wait until the preliminary hearing to challenge the bail determination

typically remain in custody longer than fourteen days before review occurs.

B

Plaintiffs were arrested at different times in Lancaster County in 2022 and 2023, and all appeared before MDJs for preliminary arraignments without counsel via video from either LCP or a police station. Plaintiffs allege that, during each of these preliminary arraignments, the MDJs imposed cash bail without inquiring into the Rule 523 factors, including financial status. Plaintiffs remained detained pending trial because they could not afford to post the bail that had been set.

Plaintiffs initiated this class action, alleging (1) violations of their right to counsel under the Sixth and Fourteenth Amendments against the MDJ Defendants and Lancaster County and (2) Due Process and Equal Protection violations against the MDJ Defendants and the LCP Warden. Plaintiffs seek to enjoin the LCP Warden from detaining individuals on cash bail unless the MDJs inquire into the Rule 523 factors, including ability to pay. Plaintiffs also seek declaratory relief that Defendants have violated Plaintiffs' rights under the Fourteenth Amendment. Defendants moved to dismiss the claims twice.

The District Court granted Defendants' first motions to dismiss as to Plaintiffs' Sixth Amendment claim, relying primarily on Rothgery v. Gillespie County, 554 U.S. 191 (2008). Based on Rothgery, the Court reasoned "the Sixth Amendment right to counsel attaches at the initiation of criminal proceedings, which in Pennsylvania is the preliminary arraignment," such that Plaintiffs were entitled to counsel at

8

the first critical stage postattachment proceeding, which, in Pennsylvania, is the preliminary hearing. H.C. v. Chudzik, No. 5:22-cv-01588-JMG, 2023 WL 2745173, at *10 (E.D. Pa. Mar. 31, 2023) ("Chudzik I"). Because the Court held that Plaintiffs were not entitled to counsel at the preliminary arraignments, it dismissed Plaintiffs' Sixth Amendment claim.

After denying Defendants' second motion to dismiss the remaining claims, the District Court sua sponte ordered[3] the parties to brief "[w]hether Younger abstention should apply." H.C. v. Chudzik, No. 5:22-cv-01588-JMG, 2025 WL 2312324, at *3 (E.D. Pa. Aug. 11, 2025) ("Chudzik II"). Following briefing, the District Court abstained under Younger because (1) "the equitable relief that Plaintiffs demand would inevitably lead to federal 'intrusion . . . into the daily conduct of state criminal proceedings,' which contravenes the principles of comity," and (2) Pennsylvania courts are capable of addressing "Plaintiffs' bail challenges, completely obviating the need for a federal court to hear these claims." Id. at *12 (quoting O'Shea v. Littleton, 414 U.S. 488, 502 (1974)).

Plaintiffs appeal.

---

[3] "[A] court may raise Younger abstention sua sponte." Altice USA, Inc. v. N.J. Bd. of Pub. Utils., 26 F.4th 571, 575 n.2 (3d Cir. 2022).

II[4]

A[5]

We first address the District Court's abstention under Younger from reviewing Plaintiffs' Equal Protection and Due Process claims. See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) (explaining that courts must resolve "threshold grounds for denying audience to a case on the merits," such as abstaining under Younger, prior to "reaching the merits" (citation omitted)). Generally, "a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" Sprint Commc'ns., Inc. v. Jacobs, 571 U.S. 69, 77 (2013) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). Federal courts should decline to exercise jurisdiction[6] under Younger in deference to ongoing state proceedings "in only a narrow

---

[4] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

[5] We review orders dismissing actions under Younger de novo. PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev., 978 F.3d 871, 881 n.11 (3d Cir. 2020).

[6] When a court abstains under Younger, it is acknowledging it has subject matter jurisdiction but deciding specific circumstances support not exercising that jurisdiction. See, e.g., Weekly v. Morrow, 204 F.3d 613, 614–15 (5th Cir. 2000) ("Federal courts do not abstain on *Younger* grounds because they lack jurisdiction; rather, *Younger* abstention 'reflects a court's prudential decision not to exercise jurisdiction which it in fact possesses.'"). Thus, Younger abstention is not a dismissal for lack of jurisdiction.

range of cases." <u>ACRA Turf Club, LLC v. Zanzuccki</u>, 748 F.3d 127, 136 (3d Cir. 2014).

That range includes cases in which a plaintiff seeks to enjoin a state proceeding falling into any of three categories: (1) state criminal prosecutions, (2) state civil enforcement proceedings, or (3) state civil proceedings involving orders in furtherance of the state courts' judicial function. <u>Id.</u> at 138 (citing <u>Sprint</u>, 571 U.S. at 73). If the relief sought involves a request to enjoin a case falling within one of those three categories, then courts consider the so-called <u>Middlesex</u> factors to determine whether to abstain. <u>PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.</u>, 978 F.3d 871, 883 (3d Cir. 2020). These factors are whether: (1) there are "ongoing judicial proceeding[s]"; (2) those "proceedings implicate important state interests"; and (3) there is "an adequate opportunity in the state proceeding to raise [federal] challenges." <u>Id.</u> (citing <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982)).

<u>Younger</u> abstention is inappropriate here because Plaintiffs do not seek to enjoin "state criminal prosecutions."[7] <u>Sprint</u>, 571 U.S. at 78. Rather, they seek only a declaration that the MDJ Defendants may not detain, and an injunction against the LCP Warden prohibiting him from detaining, individuals on cash bail unless the MDJs inquire into their ability to pay. Because the requested "injunction [is] not directed at the state prosecutions [themselves] . . ., but [rather is directed] only at .

---

[7] Plaintiffs do not claim the proceedings here involve state civil enforcement proceedings or state civil proceedings involving orders in furtherance of the state courts' judicial function.

. . an issue[, namely bail,] that could not be raised in defense of the criminal prosecution," Younger does not apply. Gerstein v. Pugh, 420 U.S. 103, 108 n.9 (1975) (holding that Younger did not apply to a  challenge to "the legality of pretrial detention without a judicial hearing"); see also Stewart v. Abraham, 275 F.3d 220, 225 (3d Cir. 2001) (holding Younger does not bar a Fourth Amendment claim based on a district attorney's re-arrest policy where "[t]he issues . . . raised could not have been raised in defense of [a plaintiff's] criminal prosecution, and the injunction sought would not bar his prosecution"); Conover v. Montemuro, 477 F.2d 1073, 1080 (3d Cir. 1972) (explaining that Younger abstention does not apply to "injunctive or declaratory relief against state officers with respect to violations of federal constitutional rights not amounting to an injunction which will halt or substantially interfere with a pending prosecution" "[e]ven if a state prosecution is pending").    Because Plaintiffs' bail determinations are ancillary to the merits of their criminal prosecutions and do not involve defenses to their alleged crimes, their request that MDJs consider these financial considerations in reaching bail decisions is not a request to enjoin ongoing state criminal prosecutions.[8]   Gerstein, 420

---

[8] For this reason, two of our sister Courts of Appeals agree that Younger does not apply to federal court challenges to state court bail proceedings like the one at issue here.  See Arevalo v. Hennessy, 882 F.3d 763, 766 (9th Cir. 2018) ("Younger abstention is not appropriate in this case because the issues raised in the bail appeal are distinct from the underlying criminal prosecution and would not interfere with it.  Regardless of how the bail issue is resolved, the prosecution will move forward unimpeded."); Walker v. City of Calhoun,

U.S. at 108 n.9 (explaining that <u>Younger</u> abstention is inappropriate where the injunction sought "could not prejudice the conduct of the trial on the merits").

The District Court erred in reaching the opposite conclusion. It relied on <u>O'Shea</u> for the proposition that <u>Younger</u> "preclude[d] equitable intervention" where "the plaintiffs requested 'an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state criminal trials'" because "such an injunction 'would disrupt the normal course of proceedings in the state courts via resort to the federal suit for determination of the claim ab initio.'" <u>Chudzik II</u>, 2025 WL 2312324, at *7 (italics omitted) (quoting <u>O'Shea</u>, 414 U.S. at 499-501).[9]  <u>O'Shea</u>, however, is distinguishable. The relief

---

901 F.3d 1245, 1255 (11th Cir. 2018) (concluding the district court was not required to abstain where the plaintiff "merely asks for a prompt pretrial determination of a distinct issue, which will not interfere with subsequent prosecution").

[9] The District Court's reliance on <u>Daves v. Dallas County</u>, 64 F.4th 616 (5th Cir. 2023) (en banc) (holding that <u>Younger</u> required abstention from review of state bail procedures), and <u>Wallace v. Kern</u>, 520 F.2d 400 (2d Cir. 1975) (holding <u>Younger</u> required abstention from challenge to incarceration of pretrial detainees unable to make bail), was also misplaced. In <u>Daves</u>, the Court of Appeals for the Fifth Circuit explicitly "disagree[d] with some or all of the reasoning in" our court's ruling in <u>Stewart</u> that "found <u>Younger</u> inapplicable." 64 F.4th at 631. We are obligated to apply our own precedent, including <u>Stewart</u>. Likewise, <u>Wallace</u> held that <u>Younger</u> required abstention from a challenge to the

requested in O'Shea would have enjoined statewide practices applicable to setting bonds, imposing criminal sentences, and collecting fees for jury trials and would have required an "ongoing federal audit of state criminal proceedings" and "continuous supervision by the federal court over . . . conduct" in "future criminal trial proceedings," and thus constituted "unwarranted anticipatory interference in the state criminal process." 414 U.S. at 492, 500-01. Because plaintiffs in O'Shea challenged nearly every stage of state criminal proceedings—from setting bail to sentencing—granting the relief requested would have resulted in "continuous or piecemeal interruptions of the state proceedings." Id. at 500. Plaintiffs here "merely ask[] for a prompt pretrial determination of a distinct issue," namely, inquiry into their financial ability to post bail, "which will not interfere with the

---

incarceration of pretrial detainees unable to make bail, because the "proposition that the principles underlying Younger are applicable only where the federal court is seeking to enjoin a pending state criminal prosecution is not supportable." 520 F.2d at 405. Our precedent contradicts this view, see Stewart, 275 F.3d at 225 (holding that Younger abstention did not apply to plaintiff's Fourth Amendment challenge to prosecutors' "rearrest policy" because "[t]he issues raised could not have been raised in defense of [plaintiff's] criminal prosecution"); Conover, 477 F.2d at 1080 (holding that Younger did not require abstention where requested injunction related to "intake interviews" by probation officers would not "halt or substantially interfere with a pending prosecution"), and thus we do not follow it.

14

subsequent prosecution[s]" or require ongoing supervision,[10] so O'Shea does not require Younger abstention. Walker v. City of Calhoun, 901 F.3d 1245, 1255 (11th Cir. 2018); see also Arevalo v. Hennessy, 882 F.3d 763, 766 n.2 (9th Cir. 2018) (distinguishing O'Shea on similar grounds).[11]

---

[10] Contrary to the MDJs' statement at oral argument, Plaintiffs' relief asks the District Court to answer the "yes or no question" of whether MDJs must consider the factors in Pennsylvania Rule of Criminal Procedure 523 to make initial bail determinations and does not seek federal oversight of preliminary arraignments to ensure that they are conducted in a subjectively acceptable way. Oral Arg. Tr. 15:07-15:57. Accordingly, Plaintiffs seek relief similar to that sought in Gerstein, 420 U.S. at 108 n.9, which required state courts to make probable cause determinations, and Conover, which required certain procedures for juvenile intake interviews, 477 F.2d at 1080. Neither decision expressed concerns about excessive federal intrusion, and we found no subsequent history to suggest either ruling led to such a result. See, e.g., In re: Florida Rules of Criminal Procedure, 309 So.2d 544 (Fla. 1975) (amending Florida Rules of Criminal Procedure in response to Gerstein).

[11] The District Court also prematurely addressed the Middlesex factors when it assessed whether Plaintiffs had an adequate remedy in state court before determining that Plaintiffs sought to enjoin one of the three types of proceedings to which Younger applies. Malhan v. Sec'y U.S. Dep't of State, 938 F.3d 453, 462 (3d Cir. 2019) ("consider[ing] Middlesex's 'additional factors'" "[o]nly after [it] finds that a proceeding fits" within one of the "three exceptional categories of proceedings," like an "ongoing criminal prosecution.").

Because Plaintiffs do not seek to enjoin ongoing state criminal prosecutions, <u>Younger</u> does not bar review of their claims in federal court.[12]

B[13]

We next review the order dismissing Plaintiffs' Sixth Amendment claim that they are entitled to counsel at their preliminary arraignments. "The Sixth Amendment right of the 'accused' to assistance of counsel in 'all criminal prosecutions' is limited by its terms: 'it does not attach until a prosecution is commenced.'" <u>Rothgery</u>, 554 U.S. at 198 (quoting <u>McNeil v. Wisconsin</u>, 501 U.S. 171, 175 (1991)). "[A] criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, marks the start of adversary judicial proceedings that trigger attachment of the Sixth Amendment right to counsel." <u>Id.</u> at 213. "Once attachment occurs, the accused at least is entitled to the presence of appointed counsel during any 'critical stage' of the postattachment proceedings." <u>Id.</u> at 212. At a "critical stage," "the accused is confronted, just as at trial, by the procedural system, or by his expert adversary, or by both, in a situation where the results of the confrontation might well settle the accused's fate and reduce the trial itself to a mere formality." <u>United States v. Gouveia</u>, 467 U.S. 180, 189

---

[12] Because Plaintiffs do not seek to enjoin ongoing state prosecutions, we need not consider Plaintiff's alternate argument that the <u>Middlesex</u> factors counsel against abstaining under <u>Younger</u>. <u>See</u> <u>Malhan</u>, 938 F.3d at 462.

[13] We exercise plenary review of a district court's order granting a motion to dismiss for failure to state a claim. <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 220 (3d Cir. 2011).

(1984) (internal quotation marks and citations omitted).  The Supreme Court has cautioned courts to "avoid[] the mistake of merging the attachment question (whether formal judicial proceedings have begun) with the distinct 'critical stage' question (whether counsel must be present at a postattachment proceeding unless the right to assistance is validly waived)" and explained that "counsel must be appointed within a reasonable time after attachment to allow for adequate representation at any critical stage before trial, as well as at trial itself."  Rothgery, 554 U.S. at 211-12.

In Pennsylvania, the right to counsel attaches at the preliminary arraignment because that is where a criminal defendant "learns the charge against him" when the MDJ reads the charges, and "his liberty is subject to restriction" when the MDJ makes the initial bail determination.  Id. at 213. Defendants are entitled to counsel at critical stages after the preliminary arraignment, but the preliminary arraignment itself is not a critical, postattachment stage for three reasons.

First, the preliminary arraignment is not a postattachment proceeding.  Rather, it is the proceeding at which the right to counsel attaches.  Second, the facts alleged in the complaint fail to show that a trial-like confrontation occurs at the preliminary arraignment.  According to the complaint, no prosecutor attends the preliminary arraignment and Rule 540(F) allows the MDJ only to read the charges but not to ask the defendant about them.  Pa. R. Crim. P. 540(F). The MDJ then informs the defendant of his right to counsel and makes an initial bail determination.  These events are not trial-like confrontations.  See United States v. Portillo, 969 F.3d 144, 161 (5th Cir. 2020) (explaining that criminal defendant's initial appearance, where "the magistrate judge briefly recited

17

the facts of the indictment, the maximum penalties Portillo faced, and the government's intent to detain him without bond pending trial" was not a "critical stage"); Farrow v. Lipetzky, 637 F. App'x 986, 988 (9th Cir. 2016) (not precedential) (holding that "preliminary bail determination made at the initial appearance [did not] render that hearing a critical stage").[14]   Third, although bail determinations may impact criminal defendants' decisions to plead guilty and thus trial outcomes, "pretrial custody" after the preliminary arraignment, alone, "does not present the high probability of substantial harm" necessary to render an initial bail determination a "critical stage," Gerstein, 420 U.S. at 122-23, as the individual can seek review of that decision at any time.

Because the preliminary arraignment is not a postattachment critical stage, Plaintiffs were not entitled to counsel at such proceedings, so the District Court correctly dismissed their Sixth Amendment claim.

### III

For the foregoing reasons, we will affirm in part, vacate in part, and remand.

---

[14] Likewise, this case is distinct from Betschart v. Oregon, 103 F.4th 607 (9th Cir. 2024), in which the Court of Appeals for the Ninth Circuit concluded that the district court did not abuse its discretion by concluding that a bail hearing where "witnesses are called, evidence is presented, facts are mitigated, alternatives to incarceration are proposed, and the defendant can address the court," was a "critical stage." Id. at 623.

*Hartmann v. Chudzik*, No. 25-2762
PHIPPS, *Circuit Judge*, dissenting.

The Majority Opinion does not follow the general rule of *Younger* abstention that "a federal court cannot enjoin an ongoing state-court criminal proceeding." *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023) (citing *Younger v. Harris*, 401 U.S. 37, 41, 45 (1971)). By declining to abstain, the Majority allows the possibility of federal-court supervision of state-court bail hearings. That unavoidably conflicts with the Supreme Court's decision in *O'Shea v. Littleton*, 414 U.S. 488 (1974). There, the Supreme Court held that *Younger* abstention is appropriate in response to claims for equitable relief against a "county magistrate and judge" for allegedly "set[ting] bond in criminal cases . . . without regard to the facts of a case or circumstances of an individual defendant." *Id.* at 491–92; *see id.* at 499–502. Here, the plaintiffs challenge a state-court judge's failure to consider certain facts, primarily the ability to pay, when determining bail. In light of that congruence, fidelity to *O'Shea* demands abstention under *Younger*.

The Majority Opinion's only answer to *O'Shea* is a form of judo; it attempts to use the strength of *O'Shea* against itself. According to the Majority Opinion, the reason for abstention in *O'Shea* was that the claims there extended beyond bond hearings to include "nearly every stage of [the] state criminal proceedings." Maj. Op. at 14. But abstention in *O'Shea* was not based on the cumulative weight of the challenges, and therefore its *Younger* abstention holding applied to every claim individually. *See O'Shea*, 414 U.S. at 499–502. So judo does not work here.

Nor is there any other way around *O'Shea*. The authorities principally cited by the Majority Opinion – footnote 9 in *Gerstein v. Pugh*, 420 U.S. 103 (1975), and *Stewart v. Abraham*, 275 F.3d 220 (3d Cir. 2001) – both involved the

1

detention of criminal defendants without *any* judicial hearing.[1] In both instances, the courts declined to abstain under *Younger* and ultimately considered the claims for pre-detention judicial hearings. *See Gerstein*, 420 U.S. at 108 n.9; *Stewart*, 275 F.3d at 226. By contrast, the requested relief here is not an order for an otherwise nonexistent hearing; every plaintiff in this case received a bail hearing. This case, therefore, is well outside the ambit of both footnote 9 in *Gerstein* and *Stewart*, which were themselves exceptions to *Younger* abstention.

Finally, the underlying rationale of *O'Shea* applies here with unabated force. The proposed injunction in *O'Shea* "contemplate[d the] interruption of state proceedings to adjudicate assertions of noncompliance by petitioners" that amounted to "nothing less than an ongoing federal audit of state criminal proceedings." *O'Shea*, 414 U.S. at 500. The same holds true here, where the plaintiffs request a federal injunction against the Lancaster County Prison Warden to prevent the enforcement of detention orders issued by Magisterial District Judges unless those judges "comply with the requirements of the Fourteenth Amendment and engage in a constitutionally adequate inquiry into all factors essential to a lawful bail determination, including ability to pay." 1st Am. Class Action Compl. ¶ VII(c) (JA197). As pointed out by the Majority Opinion, Pennsylvania Rule of Criminal Procedure 523 sets forth ten considerations for bail determinations. *See* Pa. R. Crim. P. 523(A)(1)–(10); *see also*

---

[1] In *Gerstein*, the challenge was to a Florida statute permitting pretrial detention based on solely a prosecutor's information, without a preliminary hearing. *See Gerstein*, 420 U.S. at 859–60. In *Stewart*, the challenge was to a rearrest exception in the Pennsylvania Rules of Criminal Procedure that permitted the Commonwealth to reinstitute charges that had been previously dismissed at a preliminary hearing in front of a judge and to arrest the subject based on those new charges without a "judicial finding of probable cause prior to the rearrest." *Stewart*, 275 F.3d at 224; *see also id.* at 223–24.

Lancaster Cnty. R. Crim. P. 117(III)(B) (granting authority to Magisterial District Judges to set bail). Without *Younger* abstention, a criminal defendant's constitutional claim of inadequate consideration of any of those factors would trigger federal-court review. Apart from the potential volume of challenges that await, that litigation would be inherently burdensome – a criminal defendant would testify against the Magisterial District Judge who set his bail, and to avoid a finding of noncompliance with the injunction, the Magisterial District Judge would likely provide testimony as well. The accused would become the accuser, and the neutral would become the accused. That is much worse than the mere fear of a federal audit that prompted abstention in *O'Shea*. Here, the federal-court intervention would be nothing short of the upending and subsequent micromanagement of a state-court criminal proceeding.

In sum, because *O'Shea* governs, the District Court did not err in abstaining under *Younger*, and I respectfully dissent.