IN THE UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

---

Case No. 25-2762

---

GREGORY HARTMANN; JOHN HAYS; DEWAYNE BAILEY; ISHAQ BRYANT; HOWARD CHAPMAN; CHRISTO BELONY; and ROBERT EDWARDS, on behalf of themselves and all others similarly situated,

Plaintiffs-Appellants

v.

HON. BRIAN CHUDZIK; HON. EDWIN TOBIN;
HON. MILES BIXLER; HON. ANDREW LEFEVER,
in their official capacities as Magisterial District Judges;
LANCASTER COUNTY;
WARDEN OF THE LANCASTER COUNTY PRISON,

Defendants-Appellees.

---

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. Action No. 5:22-cv-1588)
District Judge: Honorable John M. Gallagher

---

# APPELLANTS' PETITION FOR PANEL REHEARING

---


Sara J. Rose
Richard Ting
Ariel Shapell
Solomon Furious Worlds
**ACLU OF PENNSYLVANIA**
P.O. Box 23058
Pittsburgh, PA 15222
(412) 681-7736

Stuart T. Steinberg
David M. Costigan
Steven Oberlander
**DECHERT LLP**
2929 Arch St.
Philadelphia, PA 19104
(215) 994-4000

*Counsel for Plaintiffs-Appellants*[1]


---

[1] Plaintiff Howard Chapman is deceased, and counsel has been unable to contact Plaintiff Ishaq Bryant. Counsel will continue its efforts to contact Mr. Bryant and submits this petition on behalf of all Plaintiffs to preserve their rights.

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .......... 1

REASONS FOR REHEARING .......... 1

I. The Panel's Decision Misinterprets *Rothgery* and Is Inconsistent With This Court's Decision in *Ditch*. .......... 1

II. Plaintiffs Should Be Granted Leave to Amend to Supply Facts Showing that Initial Bail Hearings in Pennsylvania Are Confrontational and that Initial Bail Decisions Pose Substantial Harm To Trial Outcomes. .......... 7

A. Plaintiffs Should Be Granted Leave to Amend to Add Facts Demonstrating that Initial Bail Hearings in Pennsylvania Are Adversarial Proceedings .......... 8

B. Plaintiffs Should Be Granted Leave to Amend to Add Facts Showing that Unrepresented Defendants Face Substantial Obstacles to Obtaining Timely, Meaningful Judicial Review of Initial Bail Decisions .......... 12

CONCLUSION .......... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Betschart v. Oregon*,
103 F.4th 607 (9th Cir. 2024) ....................5, 10

*Booth v. Galveston Cnty.*,
2019 WL 3714455 (S.D. Tex. Aug. 7, 2019) ....................5, 6

*Bronner v. Marsh*,
2021 WL 2366949 (E.D. Pa. Mar. 19, 2021) ....................6

*Castelan v. Villarreal*,
2025 WL 424538 (W.D. Tex. Feb. 6, 2025) ....................6

*Commonwealth v. Hipps*,
2014 WL 10802933 (Pa. Super. Ct. Aug. 14, 2014) ....................15

*Commonwealth v. McKown*,
79 A.3d 678 (Pa. Super. Ct. 2013)....................14

*Ditch v. Grace*,
479 F.3d 249 (3d Cir. 2007) ....................1, 4, 5, 8

*Farrow v. Lipetzky*,
2013 WL 4042276 (N.D. Cal. Aug. 7, 2013) ....................10

*Farrow v. Lipetzky*,
637 F. App'x 986 (9th Cir. 2016) ....................10

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*,
482 F.3d 247 (3d Cir. 2007) ....................8

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009) ....................13

*Harris v. Diguglielmo*,
304 F. App'x 80 (3d Cir. 2008) ....................5

*Maness v. Meyers*,
419 U.S. 449 (1975)....................12

*Massiah v. United States*,
377 U.S. 201 (1964)....................8

*Mathews v. Eldridge*,
424 U.S. 319 (1976)....................9

*Rothgery v. Gillespie County*,
554 U.S. 191 (2008)....................*passim*

*Torres v. Collins*,
2023 WL 6166523 (E.D. Tenn. Sept. 21, 2023)....................15

*United States v. Accetturo*,
783 F.2d 382 (3d Cir. 1986) ....................11

*United States v. Bour*,
2020 WL 7353775 (N.D. Ind. Dec. 15, 2020)....................6

*United States v. Johnson*,
516 F. Supp. 696 (E.D. Pa. 1981)....................11

*United States v. Portillo*,
969 F.3d 144 (5th Cir. 2020) ....................5, 10

*United States v. Wade*,
388 U.S. 218 (1967)....................8

**Statutes**

18 P.S. §11.201 ....................9

**Rules**

Pa. R. Crim. P. 510....................4

Pa. R. Crim. P. 523....................10, 11

Pa. R. Crim. P. 524....................10

Pa. R. Crim. P. 529....................13, 15, 16

Pa. R. Crim. P. 540 ........................................................................ 8, 9, 11

Pa. R. Crim. P. 542 ........................................................................ 8, 9

## INTRODUCTION

Plaintiffs-Appellants petition for panel rehearing of the panel's decision affirming the District Court's dismissal with prejudice of Plaintiffs' Sixth Amendment claim. The panel should grant the petition for two reasons. First, in affirming the District Court's sole reason for dismissing Plaintiffs' claim—that as a matter of law, initial bail hearings are not a critical stage because they are not a postattachment proceeding—the panel created a bright-line rule that is inconsistent with the Supreme Court's decision in *Rothgery v. Gillespie County* and this Court's decision in *Ditch v. Grace*. Second, the two additional reasons the panel provided to support its decision—that initial bail hearings are not sufficiently confrontational or harmful to trial outcomes to require counsel—are largely based on assumptions not in the record.

The panel should rehear this appeal to ensure that its decision is consistent with Supreme Court and Third Circuit precedent and to provide Plaintiffs with, at minimum, an opportunity to amend their complaint on remand.

## REASONS FOR REHEARING

### I. The Panel's Decision Misinterprets *Rothgery* and Is Inconsistent With This Court's Decision in *Ditch*.

The panel combined the preliminary arraignment and the initial bail hearing into one, determining that both proceedings constitute a single attachment event, which then bars it from being a postattachment proceeding. That holding is

inconsistent with the Supreme Court's decision in *Rothgery v. Gillespie County*, 554 U.S. 191 (2008), and this Court's precedent. First, *Rothgery* did not hold that the proceeding where the right to counsel attaches cannot also be a critical stage. Second, *Rothgery*'s "narrow" holding did not impose prerequisites for attachment; it merely held that when an individual appears before a judicial officer who reads the charges and imposes restraints on the individual's liberty, attachment has occurred. And finally, the panel's decision that a proceeding where attachment occurs cannot also be a critical stage upends almost two decades of settled law in this Circuit regarding the right to counsel at preliminary hearings in Pennsylvania.

*Rothgery* only addressed attachment: The Supreme Court held that the right to counsel attaches at "a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction." *Rothgery*, 554 U.S. at 213. As the concurrence makes clear, the Court "expresse[d] no opinion" on whether that initial proceeding was a critical stage. *Id.* at 218 (Alito, J. concurring).

Here, the panel's holding ignores what actually happens during a criminal proceeding in favor of a formalistic rule. In failing to consider whether characteristics of a proceeding make it a critical stage, the panel made the mistake that the Supreme Court warned against in *Rothgery*: It "merg[ed] the attachment question (whether formal judicial proceedings have begun) with the distinct 'critical

stage' question (whether counsel must be present at a particular postattachment proceeding unless the right to assistance is validly waived)." *Id.* at 211.

Nothing in *Rothgery* suggests that another part of the proceeding where the right to counsel attaches cannot be a critical stage. Indeed, the Court recognized that a proceeding can be both, explaining that "[t]he question whether arraignment signals the initiation of adversary judicial proceedings . . . is distinct from the question whether the arraignment itself is a critical stage requiring the presence of counsel." *Id.* at 212 (citation omitted). Individuals who have been arrested and are being held in pretrial custody at the time of their preliminary arraignment, as Plaintiffs were, have already had their liberty restrained. Once the charges are read, the right to counsel has attached, and any events that follow, such as the initial bail hearing, occur postattachment, regardless of whether they occur in the same proceeding, 24 hours later, or two weeks later. There is thus no legal or factual basis for the panel's conclusion that the initial bail hearing cannot be a critical stage merely because Pennsylvania has chosen to include it in the same proceeding as the preliminary arraignment.

The panel also misinterpreted *Rothgery* to hold that a criminal defendant's initial appearance before a judicial officer, where he learns the charge against him and his liberty is subject to restriction, is the *only* event that can trigger attachment. *Rothgery*'s "narrow" holding did not foreclose other attachment-triggering events.

It merely held that prosecutor participation is not required for attachment. *Id.* at 213. As the Court explained, attachment occurs when a prosecution is commenced, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* at 198 (citations omitted).

*Ditch v. Grace* illustrates the point that a critical stage frequently coincides with an initial appearance. 479 F.3d 249 (3d Cir. 2007). There, this Court held that "a Pennsylvania preliminary hearing is . . . a critical stage in a criminal prosecution." *Id.* at 253. But when an individual is charged with a crime via summons, the preliminary hearing is the individual's first appearance before a judicial officer. Pa. R. Crim. P. 510. It is "when the MDJ reads the charges, and 'his liberty is subject to restriction' when the MDJ makes the initial bail determination." Op. at 17 (quoting *Rothgery*, 554 U.S. at 213); *see* Pa. R. Crim. P. 510(B)(2) ("[B]ail will be set at the preliminary hearing . . . ."). Prior to the preliminary hearing, there is no restriction on the liberty of an individual charged via summons. Accordingly, under the panel's reasoning, the preliminary hearing is the proceeding at which the right to counsel attaches for individuals charged via summons.

Although *Ditch* involved an individual who had been arrested, this Court did not base its decision that preliminary hearings are a critical stage on the occurrence of any preceding event. Rather, it examined state law to determine whether a preliminary hearing possesses the characteristics of a critical stage. *See Ditch*, 479

F.3d at 253 (describing the nature and function of preliminary hearings under Pennsylvania law). Since *Ditch*, courts in this Circuit have steadfastly held that "a preliminary hearing is a critical stage in a criminal prosecution in Pennsylvania." *Harris v. Diguglielmo*, 304 F. App'x 80, 82 (3d Cir. 2008).

The bright-line rule adopted by the panel—that a proceeding where the right to counsel first attaches cannot be a critical stage—upends almost two decades of settled law, casting doubt on whether individuals have a Sixth Amendment right to counsel at preliminary hearings or any other event, such as a police interrogation or lineup, that is not preceded by a preliminary arraignment. It also has not been adopted by any other circuit. Other courts that have considered whether an initial appearance is a critical stage, regardless of their conclusions, have looked to the characteristics of the proceeding to make this determination, not whether it occurs at the first appearance or sometime thereafter. *See Betschart v. Oregon*, 103 F.4th 607, 623–24 (9th Cir. 2024) (affirming district court decision that bail hearing at first appearance constitutes critical stage); *United States v. Portillo*, 969 F.3d 144, 161 (5th Cir. 2020) (noting that although defendant's "Sixth Amendment rights had attached by the time of his initial appearance, he was not *necessarily* entitled to a lawyer during the proceeding" because inquiry depended on proceeding's characteristics) (emphasis added); *Booth v. Galveston Cnty.*, 2019 WL 3714455, at *1 (S.D. Tex. Aug. 7, 2019), *report and recommendation adopted as modified*, 2019

WL 4305457, at *16 (S.D. Tex. Sept. 11, 2019) ("[W]hen an Article 15.17 hearing includes an initial bail determination, it is a 'critical stage' in the criminal proceedings"); *United States v. Bour*, 2020 WL 7353775, at *12 (N.D. Ind. Dec. 15, 2020) ("Attachment refers to the *moment* formal judicial proceedings have begun . . . .") (emphasis added); *Castelan v. Villarreal*, 2025 WL 424538, at *11 (W.D. Tex. Feb. 6, 2025) ("There is support for finding that Plaintiff was entitled to the assistance of counsel at his initial appearance."); *but see Bronner v. Marsh*, 2021 WL 2366949, at *8 (E.D. Pa. Mar. 19, 2021), *report and recommendation adopted*, 2021 WL 2351679 (E.D. Pa. June 9, 2021) (counsel not required at preliminary arraignment because "counsel is only required to be present during 'critical stage' proceedings that occur *after* the proceeding in which the right attached"). Plaintiffs are unaware of any other precedential opinion that adopts the panel's erroneous interpretation of *Rothgery*.

The panel should grant rehearing to clarify that the question of whether initial bail hearings in Pennsylvania are a critical stage depends on the characteristics of the proceeding, not on whether the initial bail hearing occurs at the proceeding where the right attaches or sometime thereafter.

## II. Plaintiffs Should Be Granted Leave to Amend to Supply Facts Showing that Initial Bail Hearings in Pennsylvania Are Confrontational and that Initial Bail Decisions Pose Substantial Harm to Trial Outcomes.

The District Court did not decide whether Plaintiffs' factual allegations about the characteristics of initial bail hearings would be sufficient, if proven, to establish a Sixth Amendment right to counsel at these proceedings because it dismissed that claim with prejudice based solely on its erroneous conclusion that a proceeding where the right to counsel attaches cannot also be a critical stage. JA 027–28. The panel agreed with the District Court's conclusion but provided two additional reasons why initial bail hearings are not a critical stage: that initial bail hearings are not sufficiently confrontational or harmful to case outcomes. Op. at 17–18. Those reasons are not supported by the allegations in the complaint and are based on incorrect assumptions about how the Pennsylvania Rules of Procedure operate.

If the panel determines that initial bail hearings can be a critical stage under *Rothgery* and *Ditch*, it should grant Plaintiffs-Appellants' rehearing petition and reinstate Plaintiffs' Sixth Amendment claim to allow the parties to proceed to discovery or, alternatively, remand to the District Court with directions that the judgment with respect to the Sixth Amendment claim be vacated and leave granted to amend. As explained below, amendment would not be futile because Plaintiffs could supply facts that, if proven, would establish that initial bail hearings are adversarial proceedings and that the harm to trial outcomes from initial bail

determinations cannot be mitigated by subsequent judicial review. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile").

### A. Plaintiffs Should Be Granted Leave to Amend to Add Facts Demonstrating that Initial Bail Hearings in Pennsylvania Are Adversarial Proceedings.

In support of its holding that "the facts alleged in the complaint fail to show that a trial-like confrontation occurs at the preliminary arraignment," the panel stated that, "[a]ccording to the complaint, no prosecutor attends the preliminary arraignment" and Rule 540(F) prohibits MDJs from questioning the defendant about the offense(s) charged. Op. at 17. As an initial matter, Plaintiffs *have not* alleged that no prosecutor attends the preliminary arraignment. But even if they had, a prosecutor's presence is not dispositive in determining whether a proceeding is a critical stage for Sixth Amendment purposes. *See United States v. Wade*, 388 U.S. 218, 237 (1967) (post-indictment identification lineups are critical stage); *Massiah v. United States*, 377 U.S. 201, 205 (1964) (post-indictment interrogations are critical stage). This Court held in *Ditch* that preliminary hearings are critical stages, but prosecutors do not always attend preliminary hearings, and a police officer may be the only individual appearing on behalf of the Commonwealth. *See* Pa. R. Crim.

P. 542 ("When no attorney appears on behalf of the Commonwealth at a preliminary hearing, the affiant may be permitted to ask questions of any witness who testifies."). And the fact that Rule 540(F) prohibits MDJs from questioning defendants about the offense charged does not mean that they do not do so. Nor does it stop arrestees from offering such information if they believe it will help secure their pretrial release. Accordingly, Plaintiffs should have an opportunity to amend their complaint to supply facts showing the adversarial nature of initial bail hearings.

In concluding that initial bail hearings are not confrontational, the panel disregarded the opportunities provided to police officers and victims to attend and testify. The panel overlooked Plaintiffs' allegations that police officers attend initial bail hearings and present evidence. *See* 1st Am. Compl. ¶ 287 (JA 177). It did not consider the right of alleged victims under Pennsylvania law to attend and testify at initial bail hearings. *See* 18 P.S. §11.201(2.1)(iii) ("The right not to be excluded . . . shall afford the victim the right to offer comment regarding a defendant's bail conditions at the time that bail conditions are imposed . . . ."). It ignored the written requests for high bail submitted to MDJs by police officers and victims. *See* Brief of Public Defender Association of Pennsylvania as Amicus Curiae Supporting Appellants (Dkt. 38), at Ex. 1-4. And it failed to recognize arrestees' rights to be heard and provide evidence in support of their pretrial release. *See, e.g.*, *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). As the Ninth Circuit has observed, "[t]hese

competing presentations of evidence" create a "critical confrontation" to the defendant's interests. *Betschart*, 103 F.4th at 624.

The panel also disregarded the Pennsylvania Rules of Criminal Procedure, which require MDJs to consider ten release criteria, and the individual's financial ability, in deciding what bail conditions to impose. *See* Pa. R. Crim. P. 523; Pa. R. Crim. P. 524. The discretion accorded MDJs to make bail decisions is what makes an initial bail hearing in Pennsylvania adversarial. It is also what distinguishes initial bail hearings in Pennsylvania from the proceedings at issue in *Portillo*, 969 F.3d at 161, and *Farrow v. Lipetzky*, 637 F. App'x 986, 988 (9th Cir. 2016). *Portillo* did not involve a bail hearing. 969 F.3d at 161. The Fifth Circuit explained that, "[d]uring the hearing, the magistrate judge briefly recited the facts of the indictment, the maximum penalties [the defendant] faced, and the government's intent to detain him without bond pending trial." Unlike Plaintiffs' initial bail hearings, the proceeding did not require the magistrate to make a decision about Portillo's release conditions. *Id.* And in *Farrow*, the Ninth Circuit specifically held that the initial appearance was not a critical stage "[o]n the facts alleged in the complaint," *Farrow*, 637 F. App'x at 988, which, according to the district court, failed to allege "whether facts are admitted or argument is made as to bail at the initial appearance or whether bail is simply set pursuant to a previously set bail schedule." *Farrow v. Lipetzky*, 2013 WL 4042276, at *12 (N.D. Cal. Aug. 7, 2013), *aff'd in part, rev'd in part and*

*remanded*, 637 F. App'x 986 (9th Cir. 2016). By contrast, Plaintiffs provided detailed factual allegations regarding both the criteria MDJs must consider and the discretion they have to set bail conditions.

Although the panel suggests the rule allowing the MDJ to "read the charges but not . . . ask the defendant about them," Op. at 17 (citing Pa. R. Crim. P. 540(F)), protects arrestees from confrontation, it ignores the requirement that MDJs consider "[t]he nature of the offense charged and any mitigating . . . factors that may bear upon the likelihood of conviction and . . . penalty" when assigning bail. Pa. R. Crim. P. 523(A)(1). Even if not specifically asked about the offense by the MDJ, arrestees will naturally want to present their side of the story, especially if a police officer or victim has testified about the offense in support of a request for high bail. *Cf. United States v. Johnson*, 516 F. Supp. 696, 699 (E.D. Pa. 1981), *aff'd*, 709 F.2d 1496 (3d Cir. 1983) (determining that there "was an impermissible interference with movant's right to the assistance of counsel" when he made an incriminating statement at an uncounseled bail hearing because "it was quite foreseeable that movant would try to explain his side of the story"). It is no answer for the MDJ to instruct an unrepresented arrestee not to speak, as that would violate the arrestee's right to be heard. *See United States v. Accetturo*, 783 F.2d 382, 390 (3d Cir. 1986) (noting that due process requires that defendants have an opportunity to refute allegations submitted in support of pretrial detention). In addition, the only way for

unrepresented arrestees to provide any evidence of mitigating factors is to do so themselves. But that requires them to weigh the risk of self-incrimination against the risk of pretrial detention, a calculus that "depends upon legal advice from someone who is trained and skilled in the subject matter." *Maness v. Meyers*, 419 U.S. 449, 466 (1975).

That the Defendant MDJs do not actually follow the Pennsylvania Rules of Criminal Procedure in conducting initial bail hearings is of no moment; the relevant question is whether initial bail hearings are adversarial proceedings under Pennsylvania law. While the allegations in Plaintiffs' complaint largely consist of what happened in their own, woefully deficient, initial bail hearings, they should be permitted to amend their complaint to supply facts showing that bail hearings are adversarial when they conform to the Pennsylvania Rules of Criminal Procedure or when arrestees are represented by counsel so that they may be considered in the critical stage analysis.

### B. Plaintiffs Should Be Granted Leave to Amend to Add Facts Showing that Unrepresented Defendants Face Substantial Obstacles to Obtaining Timely, Meaningful Judicial Review of Initial Bail Decisions.

The panel's conclusion that "'pretrial custody' after the preliminary arraignment, alone, 'does not present the high probability of substantial harm' necessary to render an initial bail determination a 'critical stage'" appears to be based on an erroneous assumption that "the individual can seek review of that decision at

any time." Op. at 18. In fact, the Pennsylvania Rules of Criminal Procedure only permit *counsel* to seek modification of an initial bail determination from a court of record. Pa. R. Crim. P. 529(c) ("The existing bail order may be modified by a judge of the court of common pleas . . . at any time prior to verdict *upon motion of counsel* for either party . . . .") (emphasis added); 1st Am. Compl. ¶ 59 n.1 (JA 148). ("*If an individual has counsel*, their lawyer can file a motion for bail modification at any time.") (emphasis added).

The MDJ Defendants acknowledge this limitation; they note in their brief that "*counsel* does not need to wait for the preliminary hearing but can seek to modify bail at any point." MDJ Br. at 29 n.9 (emphasis added). While it is true that *counsel* can seek to modify bail prior to a preliminary hearing, the complaint alleges that indigent defendants do not have counsel prior to their preliminary hearing.[2] Moreover, preliminary hearings do not occur for two weeks or more following the initial bail hearing because they are frequently continued. *See* 1st Am. Compl. ¶¶ 59, 60 (JA 148), ¶ 117 (JA 156), ¶¶ 165–67 (JA 162). And even after counsel is appointed, they often delay in filing bail modification motions:

- Plaintiff Christo Belony had his initial bail hearing on January 11, 2022, but his lawyer did not file a bail modification motion until April 14, 2022 (which was denied). *Id.* ¶¶ 223–29 (JA 168–69).

[2] Plaintiffs' allegations must be taken as true at the motion-to-dismiss stage. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

- Plaintiff Ishaq Bryant had his initial bail hearing on April 5, 2023. He repeatedly attempted to reach his public defender starting on May 2, 2023, to request that he file a bail modification motion, but as of May 22, 2023 (the date the amended complaint was filed), he had received no response. *Id.* ¶¶ 297–316 (JA 179–81).

Accordingly, indigent defendants detained pretrial on unaffordable cash bail cannot seek review of the initial bail decision "at any time," but must wait weeks or months for counsel to be appointed.

The panel also failed to consider the deference that courts accord the initial bail decision. The complaint alleges not only that individuals wait for weeks or months for their public defenders to file motions to modify bail, but also that these motions are often denied:

- Even after counsel is appointed, counsel often has tremendous difficulty seeking bail modifications because of MDJs' failures to explain the reasons for their decisions and the lack of any record of the preliminary arraignment. *Id.* ¶ 127 (JA 157).

- Substantial deference is given to MDJs' cursory initial bail determinations. *Id.* ¶ 126 (JA 157).

- Challenging the initial bail determination is extremely challenging for indigent arrested people. *Id.* ¶ 128 (JA 157).

As Plaintiffs explained in their reply brief, Pennsylvania courts apply deferential standards and require changed circumstances to justify departing from the initial bail determination. *See Commonwealth v. McKown*, 79 A.3d 678, 695 (Pa. Super. Ct. 2013) (affirming denial where defendant "did not present any new evidence or factors as to how [his] status had changed since the [MDJ] set bail"). There also

does not appear to be any requirement that a court rule on a Rule 529 motion to modify bail within a set amount of time, or at all. *Cf. Commonwealth v. Hipps*, 2014 WL 10802933, at *1 (Pa. Super. Ct. Aug. 14, 2014) (noting that record contained no indication that trial court took any action on defense counsel's bail modification motion).

These obstacles prevent unrepresented defendants from obtaining meaningful, timely judicial review of their initial bail decisions. As a result, they suffer a deprivation of their pretrial liberty for weeks or months, which in turn negatively affects their trial outcomes. *See Torres v. Collins*, 2023 WL 6166523, at *12 (E.D. Tenn. Sept. 21, 2023) ("[E]rroneous pretrial detention can negatively impact an arrestee's ability to meet with counsel, result in subjection to physical and psychological burdens that can obstruct trial preparation with counsel, and heighten the possibility that an arrestee will accept a plea agreement he would have otherwise rejected but for his erroneous pretrial detention.").

Although Pennsylvania has a procedure that allows unrepresented defendants to request bail modifications prior to the preliminary hearing, it suffers from the same infirmities as the initial bail hearings. Under the rule, unrepresented defendants must submit any bail modification request to the same MDJ who decided bail in the first instance, they cannot appeal the modification decision, and if a hearing is provided, the defendant will still lack counsel. Pa. R. Crim. P. 529(a)

("The issuing authority who is the [MDJ] who was elected or assigned to preside over the jurisdiction where the crime occurred, upon request of the defendant . . . , may modify a bail order at anytime before the preliminary hearing."). This procedure is plainly insufficient, as a second uncounseled bail hearing cannot cure any deficiencies from lack of counsel at the first one.

Plaintiffs should be permitted to amend their complaint to add facts regarding the obstacles unrepresented defendants face in obtaining judicial review of initial bail decisions so that they may be considered in the critical stage analysis.

## CONCLUSION

For the foregoing reasons, the panel should rehear the case and reinstate Plaintiffs' Sixth Amendment claim or, alternatively, remand to the District Court with directions that the judgment with respect to the Sixth Amendment claim be vacated and leave granted to amend within a reasonable period after vacation of the judgment.

Respectfully submitted,

Dated: September 4, 2026

*/s/ Steven Oberlander*

Sara J. Rose
Richard Ting
Ariel Shapell
Solomon Furious Worlds
**ACLU OF PENNSYLVANIA**
P.O. Box 23058
Pittsburgh, PA 15222
(412) 681-7736
srose@aclupa.org
rting@aclupa.org
ashapell@aclupa.org
sfworlds@aclupa.org

Steven Oberlander
Stuart T. Steinberg
David M. Costigan
**DECHERT LLP**
2929 Arch St.
Philadelphia, PA 19104
(215) 994-4000
steven.oberlander@dechert.com
stuart.steinberg@dechert.com
david.costigan@dechert.com

*Counsel for Plaintiffs-Appellants*

## COMBINED CERTIFICATIONS

At least one of the attorneys whose name appears on this brief is a member of the bar of this Court or has filed an application for admission pursuant to L.A.R. 46.1.

This brief complies with the word limit of Fed. R. App. P. 40(d)(3) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,896 words.

I certify that a true and correct copy of this brief is being filed electronically on the below date using the Court's CM/ECF system, which will electronically serve all counsel of record by generating and sending a Notice of Docket Activity.

The text of this electronic brief is identical to the text in paper copies that will be filed with the Court.

A virus detection program, CrowdStrike Falcon, has been run on this electronic brief and no virus was detected.

Dated: September 4, 2026 *<u>/s/ Steven Oberlander</u>*


Steven Oberlander
Stuart T. Steinberg
David M. Costigan
**DECHERT LLP**
2929 Arch St.
Philadelphia, PA 19104
(215) 994-4000
steven.oberlander@dechert.com
stuart.steinberg@dechert.com
david.costigan@dechert.com

Sara J. Rose
Richard Ting
Ariel Shapell
Solomon Furious Worlds
**ACLU OF PENNSYLVANIA**
P.O. Box 23058
Pittsburgh, PA 15222
(412) 681-7736
srose@aclupa.org
rting@aclupa.org
ashapell@aclupa.org
sfworlds@aclupa.org

*Counsel for Plaintiffs-Appellants*